UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA INTERNATIONAL PUBLIC CHARTER SCHOOL<br><br>1400 Main Dr NW<br>Washington, DC 20012<br><br>    Plaintiff,<br><br>    v.<br><br>CHAD BIERMAN,<br>as parent and next friend of the minor child,<br>Z.B.<br><br>1210 Kearney Street, NE<br>Washington, DC 20017<br><br>KATHERINE NEWELL<br>as parent and next friend of the minor child,<br>Z.B.<br><br>1210 Kearney Street, NE<br>Washington, DC 20017<br><br>DISTRICT OF COLUMBIA,<br>A Municipal Corporation,<br>One Judicial Square<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001<br><br>    Defendants. | Case No. 23-CV-2111 |

## **COMPLAINT**

1. Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. A true and correct copy of the adverse decision is attached hereto as Exhibit 1. District of Columbia International Public Charter School ("DCI") is an aggrieved party as a

result of the adverse decision and is entitled to appeal and to seek review by this Court.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and pendant jurisdiction pursuant to 5 D.C. Mun. Regs. §§ 3000 *et seq*.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## PARTIES

3. Plaintiff is a District of Columbia public charter school which has elected to be its own local education agency ("LEA") under IDEA for special education purposes.

4. Defendants are the parents of the minor child, Z.B., and the District of Columbia ("the District'), a municipal corporation that also receives federal funds pursuant to the IDEA, to ensure access to a free and appropriate public education ("FAPE") to all children until twenty-one years of age under federal law and twenty-two years of age under the local law. See 20 U.S.C. § 1411; 5-E D.C.M.R. §§ 3001, 3004. The District is obligated to comply with all applicable federal regulations and statutes including but not limited to the IDEA. See 20 U.S.C. § 1412 (a)(1)(A). The Office of the State Superintendent for Education ("OSSE") are non-sui juris of the District of Columbia.

5. Defendants Chad Bierman and Katherine Newell resided in the District of Columbia during the time of the underlying administrative proceedings.

## FACTUAL ALLEGATIONS

6. Z.B. is a fifteen-year-old transgender male residing in the District of Columbia who uses he/they pronouns.

7. Z.B. attended DCI from the time he was in sixth grade (2018-2019 school year) through the end of ninth grade (2021-2022 school year).

8. On October 26, 2020, Z.B. was found eligible for special education as a student with autism spectrum disorder. His initial IEP was developed on October 28, 2020.

9. An annual IEP review was completed with a new IEP put in place on October 18, 2021.

10. The October 18, 2021 IEP identified Z.B.'s areas of concern as Mathematics, Cognitive, and Emotional, Social and Behavioral Development. The IEP provided for Z.B. to receive 27 hours per month of Specialized Instruction in the general education setting and 180 minutes per month of Behavioral Support Services. The IEP also provided a host of Other Classroom Aids and Services and accommodations for tests and assessments.

11. At points during the 2021-2022 school year, Z.B. struggled to consistently complete assignments and demonstrated heightened anxiety and emotional distress. DCI and Z.B.'s parents were in constant communication to support Z.B.'s success in school.

12. Notwithstanding Z.B.'s emotional challenges in the 2021-2022 school year, academically, he completed the school year successfully and made appropriate progress in light of his circumstances.

13. In the spring of 2022, Z.B.'s parents sought outside psychiatric care to address screen addiction.

14. In May 2022, Z.B's parents contacted DCI via email and expressed a desire to work with the school team to address the student's executive functioning skills and anxiety. In that email, Ms. Newell wrote that the day before, the parents spoke with an

educational consultant about Z.B.'s IEP and the consultant said the IEP was one of the best she had ever seen.

15. The IEP team met on May 24, 2022 to discuss the parent's concerns. Namely, the parents requested that the team address questions about the student's transition class, executive functioning as a core concern in the IEP and working with the student's anxiety. DCI confirmed at the meeting that the student would be scheduled for the transition class requested for the 2022-2023 school year. The team also discussed amending the IEP to refine the executive functioning goals. Finally, the team discussed ways to continue the use of an assignment tracker that had been employed during the 2021-2022 school year as well as other ways to continue supporting the student with anxiety.

16. The May 24, 2022 meeting notes reflect that the team would draft an amended IEP with the proposed changes to the goals to send home and that the team would reconvene to review the identified action steps. DCI did not draft an amended IEP following that meeting. Rather, DCI proposed to reconvene the team in August, prior to the start of the 2022-2023 school year, to enable the team to discuss potential amendments together.

17. In response, the parents notified DCI that they were withdrawing the student and had enrolled him at Fusion Academy. The student did not return to DCI for the 2022-2023 school year.

18. Pursuant to DCI practice and District of Columbia policy, DCI sent the parents a withdrawal form to complete the withdrawal process. The parents completed and returned the form on September 10, 2022.

19. DCI responded to the parents' notice of their intent to withdraw the student from DCI asserting DCI's position that the student had received and would continue to receive a free appropriate public education ("FAPE") if he returned to DCI. Nevertheless, DCI offered to and did meet with the parents and their educational consultants on September 6, 2022 to discuss the parent's concerns and potential amendments to the IEP. At that meeting, the parents and their educational consultant requested that the team not make any amendments to the IEP at that time because they wanted to have the student independently evaluated first. In fact, they did not even want to discuss the consultant's recommendations about potential amendments at the September 6, 2022 meeting.

20. At the September 6, 2022 meeting, DCI explained that in order to consider a change in placement for Z.B., the team would have to go through the Office of the State Superintendent of Education's ("OSSE") change in placement process. DCI agreed to initiate that process following the meeting.

21. A change in placement meeting was subsequently scheduled for November 8, 2022. Before that meeting could be convened, OSSE advised DCI that DCI could not convene a change in placement meeting for the student because he was no longer enrolled at DCI. As a result, the change in placement meeting was cancelled and the placement review process was closed. DCI provided the parents with information about how to enroll with the District of Columbia Public Schools ("DCPS") in order to reopen the change in placement process.

22. DCI did not continue with the IEP amendment process as discussed on September 6, 2022 because the student with no longer enrolled at DCI and DCI no longer had

access to the student's special education records in the District of Columbia's Special Education Data System.

23. The parents filed a due process complaint against DCI and OSSE on December 15, 2022.

24. A due process hearing was held on March 20 and 23, 2023 before Hearing Officer Peter B. Vaden. Before the hearing officer was one issue: Did DCI and OSSE deny Z.B. a FAPE by failing to propose an appropriate educational placement for the 2022-2023 school year?

25. The Hearing Officer's Determination was issued on April 25, 2023.

26. The hearing officer correctly concluded that DCI offered Z.B. an appropriate IEP and educational placement for the start of the 2022-2023 school year through the October 18, 2021 IEP. Specifically, the hearing officer concluded that DCI met its burden of persuasion that the educational placement of Z.B. in the October 18, 2021 IEP was reasonably calculated to enable him to make appropriate progress at the time it was developed and that DCI's proposed placement of Z.B. at DCI remained appropriate for the start of the 2022-2023 school year.

27. The hearing officer erroneously concluded that DCI improperly ceased offering FAPE to the student on or about November 1, 2022. The hearing officer's conclusion was based on a provision in the District of Columbia Municipal Regulations that are not applicable and ignored applicable provisions that mandate a different conclusion.

28. As a result, the hearing officer ordered OSSE to reimburse the parents for the cost of Fusion Academy tuition since November 1, 2022.

29. The hearing officer also ordered DCI to reinstate Z.B.'s enrollment at the public charter school, as a nonattending student, retroactive to the start of the 2022-2023 school year.

## GROUNDS FOR APPEAL

DCI appeals the April 25, 2023 Hearing Officer Determination ("HOD") repeating and realleging the allegations in paragraphs 1 through 29, on the following primary grounds:

30. The hearing officer erroneously concluded that DCI had an obligation to continue to offer a FAPE after the student was withdrawn from DCI.

31. The hearing officer erroneously relied on provisions in the District of Columbia Municipal Regulations that were not applicable to the facts before him in reaching this conclusion.

32. The hearing officer ignored relevant legal authority in reaching this conclusion.

33. The hearing officer erroneously concluded that DCI had a duty to maintain Z.B.'s enrollment after his withdrawal from DCI.

34. The hearing officer erroneously ordered DCI to reenroll the student contrary to local law and policy.

WHEREFORE, Plaintiff respectfully requests this Court to:

1. Issue a Judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the April 25, 2023 Hearing Officer's Determination be reversed, dismissing all claims that were raised in the underlying due process complaints with prejudice; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____/s/___*Lauren E. Baum*____
Lauren E. Baum, Esq.
D.C. Bar No. 989351
Law Office of Lauren E. Baum, PC
3573 Warder Street, NW, #2
Washington, DC 20010
202-450-1396
l.baum@laurenebaumlaw.com