UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA INTERNATIONAL PUBLIC CHARTER SCHOOL,**<br><br>    Plaintiff,<br><br>    v.<br><br>**CHAD BIERMAN, *et al.*,**<br><br>    Defendants. | Civil Action No.<br>23-cv-2111-ACR-MAU |

### REPORT AND RECOMMENDATION

Plaintiff District of Columbia International Public Charter School ("DCI") brings this suit against Defendants Chad Bierman and Katherine Newell ("Parents"), the parents of student Z.B., and the District of Columbia.  DCI seeks relief pursuant to the Individuals with Disabilities Education Act ("IDEA") from an adverse decision of an Office of the State Superintendent of Education ("OSSE") hearing officer.  The hearing officer concluded that DCI improperly ceased offering a free and appropriate public education ("FAPE") to Z.B. in violation of the IDEA and related provisions of the District of Columbia Municipal Regulations ("DCMR").  ECF No. 1-1 ("HOD") at 22–23.

Before the Court is the Parents' Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment ("Motion").  ECF No. 3.  For the following reasons, the Court recommends that the Parents' Motion be **DENIED**.[1]

---

[1] This ruling does not preclude Defendants from seeking summary judgment in the future on different grounds.

1

## FACTUAL SUMMARY[2]

Z.B., a fifteen-year-old transgender male who uses he/they pronouns,[3] attended DCI from the 2018-2019 school year (sixth grade) through the 2021-2022 school year (ninth grade).  ECF No. 1 ¶¶ 6–7.  In October 2020, Z.B. was found eligible for special education as a student with autism spectrum disorder.  *Id.* ¶ 8.  DCI developed an individualized education program ("IEP") for Z.B. that, among other things, identified certain areas of concern and allotted certain amounts of time per month for both specialized instruction and behavioral support services.  HOD at 6.  In May 2022, the Parents contacted and subsequently met with DCI to "find[] ways to incorporate support for developing [Z.B.]'s executive functioning skills into their IEP" and to discuss "strategies for decreasing [Z.B.]'s anxiety."  *Id.* at 6–7.  The Parents and DCI "agreed to craft a revised IEP with proposed changes to cognitive goals for the 2022-2023 school year."  *Id.* at 7.

In the summer of 2022, the Parents sent Z.B. to Fusion Academy, a private school, for summer tutoring.  *Id.* at 8.  The Parents then decided to enroll Z.B. at Fusion Academy for the 2022-2023 school year.  *Id.* at 8, 13.  The Parents informed DCI in August 2022 that "their decision was made in order to provide [Z.B.] the FAPE to which they are entitled under the IDEA," as they

---

[2]  This factual summary is based only on the Complaint, ECF No. 1, and the Hearing Officer Determination in the administrative proceeding before the OSSE Office of Dispute Resolution, ECF No. 1-1.  The District has yet to file the administrative record as Local Civil Rule 7(n)(1) requires.  *See* LCvR 7(n)(1) (providing that, in cases involving the judicial review of administrative agency actions, the government "must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.").  In its Answer, the District stated that it "lacks information sufficient to enable it to respond to" nearly every factual allegation in the Complaint "because it has not yet received a complete copy of the administrative record" from the OSSE Office of Dispute Resolution.  ECF No. 4 at 2 n.1.

[3]  The Court uses the gender-neutral pronoun known as the "singular they" or its possessive form "their."

did not believe DCI would meet Z.B.'s "unique needs." *Id.* at 8–9. DCI provided the Parents with a withdrawal form, which the Parents completed and submitted. *Id.* at 9–10.

On September 6, 2022, DCI advised the Parents that, given Z.B.'s enrollment at Fusion Academy, they needed to complete a change-in-placement process with OSSE, which DCI agreed to initiate. *Id.* Subsequently, OSSE advised DCI that it could not move forward with the change-in-placement process because Z.B. was no longer enrolled at DCI and, therefore, Z.B. did not have a local education agency ("LEA") for purposes of the IDEA.[4] HOD at 12; ECF No. 1 ¶ 21. On November 1, 2022, DCI notified the Parents that they needed to enroll Z.B. with the District of Columbia Public Schools ("DCPS")—a wholly separate LEA from DCI—to continue the change-in-placement process. HOD at 12–13; ECF No. 1 ¶ 3. The Parents did not respond to DCI. HOD at 13.

## PROCEDURAL HISTORY

On December 15, 2022, the Parents filed a due process complaint against DCI and OSSE pursuant to the IDEA and DCMR. *Id.* at 1; ECF No. 1 ¶ 23. On March 20 and 22-23, 2023, an OSSE Office of Dispute Resolution hearing officer held a due process hearing to determine one issue: "Did DCI and OSSE deny Z.B. a FAPE by failing to propose an appropriate educational placement for the 2022-2023 school year?" HOD at 1, 4.

The hearing officer found that DCI initially met its obligation to offer Z.B. a FAPE for the 2022-2023 school year, but that DCI improperly ceased offering Z.B. a FAPE when it informed

---

[4] The IDEA defines an LEA as "a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for such combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary schools or secondary schools." 20 U.S.C. § 1401(19)(A). The IDEA includes the District within its definition of a "State." *Id.* § 1401(31).

the Parents on November 1, 2022 that the Parents needed to enroll Z.B. with DCPS to continue with the change-in-placement process. *Id.* at 21–22. According to the hearing officer, DCI was obligated to continue to offer Z.B. a FAPE even though Z.B. started attending Fusion Academy at the beginning of the 2022-2023 school year. *Id.* at 23. As a result, the hearing officer ordered: (1) OSSE to reimburse the Parents for the cost of tuition at Fusion Academy beginning on November 1, 2022; and (2) DCI to reinstate Z.B.'s enrollment at DCI as a nonattending student retroactive to the start of the 2022-2023 school year. *Id.* at 29.

DCI filed this Complaint on July 20, 2023, requesting that this Court: (1) issue a judgment for DCI and against all Defendants; (2) order that the Hearing Officer Determination be reversed and dismiss with prejudice all claims that the Parents raised in the administrative proceeding; and (3) "[g]rant such other and further relief as the Court deems just and proper." ECF No. 1 at 7.

## ANALYSIS

### I. Standard of Review

The Parents moved to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.[5] In ruling upon a Rule 12(b)(1) motion, the court must "accept all of the factual allegations in the complaint as true" and "may consider materials outside the pleadings." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal quotation marks omitted). Under Article III of the Constitution, federal courts are only authorized to resolve "cases" and "controversies" that resolve "the legal rights of litigants

---

[5] A motion to dismiss that is brought solely on grounds of mootness is properly brought under Rule 12(b)(1), not Rule 12(b)(6). *See, e.g., Young v. D.C. Hous. Auth.*, 31 F. Supp. 3d 90, 94 (D.D.C. 2014); *Bender v. Jordan*, 515 F. Supp. 2d 10, 15–16 (D.D.C. 2007); *Flores ex rel. J.F. v. District of Columbia.*, 437 F. Supp. 2d 22, 27 (D.D.C. 2006). Given that the Parents make the same argument under both Rule 12(b)(1) and Rule 12(b)(6)—that the case should be dismissed because it is moot—the Court will construe the Parents' Motion to Dismiss as only a Rule 12(b)(1) motion.

4

in actual controversies." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). As part of the case-or-controversy requirement, and in order to invoke the Court's subject matter jurisdiction, a plaintiff must demonstrate that it has "a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted). If "circumstance[s] deprive[] the plaintiff of a personal stake in the outcome of the lawsuit . . . the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (internal quotation marks omitted).

A case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016); *see also Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992). This occurs when, among other things, events have transpired such that any ruling would "neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990). Additionally, a court is unable to grant effectual relief when the plaintiff "has already obtained all the relief that it sought." *Prairie Band Potawatomi Nation v. Yellen*, 63 F.4th 42, 45 (D.C. Cir. 2023) (internal quotation marks omitted). Even if a court is unable "to return the parties to the *status quo ante*," a case is not moot if the court "can fashion *some* form of meaningful relief." *Church of Scientology*, 506 U.S. at 13 (holding case was not moot when IRS sought to enforce summons to court clerk for tapes in clerk's custody and copies of the tapes were delivered to IRS during pendency of appeal because "if the summons were improperly issued or enforced[,] a court could order that the IRS' copies of the tapes be either returned or destroyed").

In the alternative, the Parents move for summary judgment pursuant to Federal Rule of Civil Procedure 56. A moving party is generally entitled to summary judgment "if the movant

5

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  This general Rule 56(a) standard, however, does not apply to a district court's review of a hearing officer's decision under the IDEA.  When a party seeks judicial review of a hearing officer's decision under the IDEA, the court "reviews the administrative record, may hear additional evidence, and bases its decision on the preponderance of the evidence, granting such relief as deemed appropriate." *Lague v. District of Columbia.*, 130 F. Supp. 3d 305, 313 (D.D.C. 2015).  Further, "[w]here no additional evidence is considered by the court, the motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Id.* (internal quotation marks omitted).

## II. The Parents' Motion to Dismiss

The Parents' sole argument is that this case is moot because OSSE "relieved DCI of its burden" when it fully reimbursed the Parents for tuition costs.  ECF No. 3-1 at 6.  According to the Parents, "there is no longer any claim for relief that DCI can reasonably be seeking" because "[i]f the Court were to grant plaintiffs' request to enter judgment in its favor and reverse the [hearing officer], plaintiffs would be in exactly the same position in which they currently find themselves." *Id.*  The Parents also appear to argue that the hearing officer ordered DCI to reinstate Z.B.'s enrollment at DCI *for only the 2022-2023 school year*.  *See id.* at 6.  Thus, according to the Parents, DCI has no further responsibility with respect to reinstating Z.B.'s enrollment because the 2022-2023 school year has concluded.  *Id.*

DCI argues that this case is not moot because "[t]he hearing officer's decision not only ordered OSSE to reimburse the parents for the cost of tuition, but also required DCI to reinstate [Z.B.]'s enrollment, which continues to have a substantive effect on the parties' rights moving forward."  ECF No. 6 at 5.  Specifically, "DCI was required to develop an IEP and offer FAPE to

6

[Z.B.]." *Id.* DCI further asserts that after this suit was filed, the Parents "notified DCI that they disagree with the proposed IEP and placement and have enrolled [Z.B.] in another private school with the intent of seeking public funding for that placement." *Id.* at 5; *see also id.*, Ex. 1. Thus, according to DCI, "another due process hearing between the parties is inevitable as is a dispute about [Z.B.]'s enrollment status of the 2023-2024 school year." *Id.* at 5. In sum, "DCI seeks reversal of the hearing officer's decision and order regarding enrollment," which DCI asserts "is effectual relief that can still be awarded."[6] *Id.*

       The Court recommends that the Parents' Motion to Dismiss be denied. The Complaint is not moot because the Court can provide effectual relief to DCI in the form of reversing the hearing officer's order that DCI reinstate Z.B.'s enrollment at DCI as a nonattending student. The hearing officer found that DCI's "unilateral termination of services to [Z.B.] on November 1, 2022" violated both the IDEA and DCMR because "[DCI] was obliged to continue to offer [Z.B.] a FAPE" even though Z.B. attended Fusion Academy from the start of the 2022-2023 school year. HOD at 22–23. This Court can therefore grant effectual relief to DCI by relieving DCI of its obligation under the IDEA to offer Z.B. a FAPE, which LEAs such as DCI deliver to disabled children through an IEP. *See, e.g.*, *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 391 (2017) (noting that an IEP is "[a] comprehensive plan prepared by a child's 'IEP Team' (which includes teachers, school officials, and the child's parents)" and "is the centerpiece

---

[6]    DCI also argues that: (1) even if the Complaint is moot, an exception to the mootness doctrine applies because the issues raised are capable of repetition yet could evade review; and (2) even if an exception to the mootness doctrine does not apply and the Court dismisses this case as moot, the Court should vacate the hearing officer's decision in order to prevent an unreviewable decision from spawning legal consequences. ECF No. 6 at 6–9. The Court need not address these alternative arguments because the Complaint is not moot.

of the [IDEA]'s education delivery system for disabled children") (internal quotation marks omitted).

Specifically, if DCI is successful on the merits, this Court could relieve DCI of its obligation under the IDEA to create an IEP that "include[s] 'a statement of the child's present levels of academic achievement and functional performance,' describe[s] 'how the child's disability affects the child's involvement and progress in the general education curriculum,' and set[s] out 'measurable annual goals, including academic and functional goals,' along with a 'description of how the child's progress toward meeting' those goals will be gauged." *Id.* at 391 (quoting 20 U.S.C. § 1414(d)(1)(A)(i)(I)-(III)). Further, the Court could relieve DCI of its obligations under the DCMR to "[e]nsure that the child participates in statewide assessments," "maintain the capacity to serve the child at the LEA (i.e., hold an open seat for the child) unless and until the child's parent enrolls the child in another LEA," "[c]ontinue to monitor [the] child's academic and social-emotional progress at the nonpublic school," and "[r]emain responsible for compliance with IDEA and local requirements." D.C. Mun. Regs. tit. 5A, § 3025.20.

Moreover, to the extent that the Parents argue that the hearing officer ordered DCI to reinstate Z.B.'s enrollment at DCI for only the 2022-2023 school year, they are incorrect. The hearing officer ordered DCI to "reinstate [Z.B.]'s enrollment at [DCI], as a nonattending student, *retroactive to* the start of the 2022-2023 school year." HOD at 29 (emphasis added). The hearing officer referenced the retroactive date (the start of the 2022-2023 school year), not when the enrollment obligation will end. As a result, DCI's obligation to offer a FAPE to Z.B. extends beyond the 2022-2023 school year and is still at issue moving forward. Indeed, after the Parents filed this Complaint, their counsel acknowledged in a letter to DCI that "[w]e understand that the

8

evaluation and IEP process are still underway for [Z.B.]" for the 2023-2024 school year.  ECF No. 6-1.

The Parents rely upon one case to support their mootness argument.  *See Mundo Verde Pub. Charter Sch. v. Sokolov*, 315 F. Supp. 3d 374 (D.D.C. 2018).  In *Mundo Verde*, a public charter school sued the District and the parents of a disabled student after OSSE ruled for the parents on their claim that the charter school denied their child the right to a FAPE under the IDEA "by failing to provide an appropriate IEP and/or placement." 315 F. Supp 3d at 378.  The hearing officer found that, despite the child's attendance at a private school, it was the charter school's responsibility to maintain the child's enrollment at the charter school rather than obtain the child's withdrawal.  *Id.*  The hearing officer ordered the charter school to reimburse the parents for costs related to the child's enrollment in private school for that school year.  *See id.*  The court granted the defendants' motion to dismiss, finding that the case was moot because "the District's reimbursement of the [parents] for the very expenses Plaintiff was ordered to pay by the [hearing officer] moots out any effective relief that this court could grant Plaintiff by reversing the [hearing officer's order]."  *Id.* at 381.

The facts of *Mundo Verde*, however, are distinguishable.  *First*, the hearing officer in *Mundo Verde* provided only monetary relief to the parents and did not require the public charter school to reinstate the student's enrollment.  Complaint, Ex. 1 at 20, *Mundo Verde Pub. Charter Sch. v. Sokolov*, No. 17-cv-1710-APM (Aug. 22, 2017), ECF No. 1-1.  Here, the hearing officer expressly required DCI to reinstate Z.B.'s enrollment at DCI as a nonattending student.  HOD at 29.  As explained above, compliance with this portion of the hearing officer's order requires DCI to undertake various future steps from which this Court could grant relief.  *Second*, the child in *Mundo Verde* was in fifth grade at the time of the lawsuit and the public charter school did not

9

teach students beyond fifth grade.  315 F. Supp. 3d at 381.  Therefore, the court found that "even if Plaintiff is correct that the [hearing officer's order] will have 'lasting impacts' on future decisions made with respect to [the child's] IEP and school placement . . . Plaintiff will not be responsible for those elements; some other school will be."  *Id.* at 382.  Here, Z.B. is currently in 11th grade and DCI teaches students through 12th grade.  District of Columbia Public Charter School, *At DCI, high school spans two different parts of the International Baccalaureate curriculum framework.*, https://dcinternationalschool.org/dci-life/high-school/ (last visited Dec. 20, 2023); *see* ECF No. 1 ¶ 7; HOD at 13.[7]  Unlike in *Mundo Verde*, Z.B. will not age out of DCI until 2025, during which time DCI will remain responsible for developing Z.B.'s IEP.  As such, *Mundo Verde* does not warrant dismissal here under Rule 12(b)(1).

### III.  The Parents' Motion for Summary Judgment

The Parents' argument in their Motion for Summary Judgment is substantively the same as their Motion to Dismiss.  According to the Parents, "DCI fails to assert any material fact that remains in dispute" and "there no longer remains any claim upon which relief can be granted" because the Parents "were victorious at the due process hearing and OSSE paid their tuition reimbursement."  ECF No. 3-1 at 6.

The Court recommends that the Parents' Motion for Summary Judgment be denied without prejudice.  The Parents do not make any argument as to why the hearing officer's decision should be affirmed as a matter of law.  Moreover, the Court is not currently positioned to issue a ruling on a motion for summary judgment.  To rule upon a motion for summary judgment in an IDEA appeal, the court must review the administrative record.  *See Lague*, 130 F. Supp. 3d at 313.  Given that

---

[7]   The Court may take judicial notice of representations made on DCI's website.  *See, e.g.*, *Mundo Verde*, 315 F. Supp. 3d at 381 n. 3; *Arch Coal, Inc. v. Hugler*, 242 F. Supp. 3d 13, 18 (D.D.C. 2017).

the District has yet to file the administrative record, the Court is unable to issue a ruling on the merits, namely which party is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Parents' Motion be **DENIED**.

\* \* \*

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date: December 20, 2023

                                                                                               MOXILA A. UPADHYAYA
                                                                                               UNITED STATES MAGISTRATE JUDGE